**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling**

**ANTHONY VENNERI,**

        Petitioner,

   v.                                      **Civil Action No. 5:22-CV-242**
                                                Judge Bailey

**M.J. BAYLESS,**

        Respondent.

## <u>ORDER ADOPTING REPORT AND RECOMMENDATION</u>

The above referenced case is before this Court upon the magistrate judge's recommendation that petitioner's petition be denied and dismissed without prejudice. *See* [Doc. 16].

This Court is charged with conducting a *de novo* review of any portion of the magistrate judge's report to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636(b)(1). However, absent prompt objection by a dissatisfied party, it appears that Congress did not intend for the district court to review the factual and legal conclusions of the magistrate judge. ***Thomas v. Arn***, 474 U.S. 140 (1985). Additionally, any party who fails to file timely, written objections to the magistrate judge's report pursuant to 28 U.S.C. § 636(b)(1) waives the right to raise those objections at the appellate court level. ***United States v. Schronce***, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984). Petitioner did not file objections to the report and recommendation; however, he did file a

1

First Motion to Amend Petitioner's Response to Respondent's Motion to Dismiss, which this Court has considered.   *See* [Doc. 18].   However, the proposed First Amended Response to Respondent's Motion to Dismiss [Doc. 18-1] is futile because therein, petitioner admits (just as the magistrate judge found in his report) that he failed to exhaust administrative remedies prior to filing the instant petition.[1]  See [id. at 6–7].

Accordingly, a review of the record indicates that the magistrate judge's report accurately summarizes this case and the applicable law.  As such, the magistrate judge's report and recommendation [**Doc. 16**] is **ADOPTED**, respondent's Motion to Dismiss or, in the Alternative, Motion for Summary Judgment [**Doc. 11**] is **GRANTED**, petitioner's First Motion to Amend Petitioner's Response to Respondent's Motion to Dismiss [**Doc. 18**] is **DENIED**, and petitioner's petition [**Doc. 1**] is **DENIED** and **DISMISSED WITHOUT PREJUDICE**.

This Court further **DIRECTS** the Clerk to **STRIKE** this case from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

---

[1]To the extent petitioner suggests exhaustion should be waived, this Court disagrees.  *See* ***Homan v. U.S. District Court***, 2011 WL 4007391, at *2 (N.D. W.Va. 2011) (Joel, M.J.) (citing ***Alexander v. Hawk***, 159 F.3d 1321, 1327–28 (11th Cir. 1998) (finding administrative exhaustion requirement even where the administrative process is unlikely to grant inmate relief)).

**DATED:** March 9, 2023.

**JOHN PRESTON BAILEY**
**UNITED STATES DISTRICT JUDGE**